### STATE ex CURREN v REES

Ohio Appeals, 8th Dist, Cuyahoga Co

No 12665. Decided May 23, 1932

Robert G. Curren, Cleveland, for relator.
Carl B. Webster, Cleveland, for respondent.

LEMERT, J.

It will not be necessary for the purpose of this opinion to incorporate all of the provisions of the act aforesaid, but suffice it to say that §2293-10 GC provides that the fiscal officer shall certify the maximum maturities of such bonds and in part reads as follows: "The fiscal officer shall certify to the bond issuing authority the maximum maturity of such bonds or indebtedness calculated in accordance with the provisions of the foregoing sections." §2293-19 GC provides for the submission to electors the ques-

tion of issuing bonds, resolution, certification, and so forth, which provides what a resolution shall contain as to the issuing, fixing the amount and the time for which said bonds are to run and so forth.

It is claimed by the relator in this action that the difference in the maturity dates is immaterial and does not impair the authority of the officers of the City to issue and sell the bonds in question.

Resolution 2566 sets forth that the bonds will be payable in 22 annual installments of approximately equal amounts. This resolution was certified to the County Auditor as required by statute to permit him to calculate the annual tax levy throughout the life of the bond.

Ordinance 3020 sets forth in full and specifies the maximum number of years to retire the bonds as 25. The clerk by resolution No. 2566 certified to the Board of Elections and in his certificate indicated the annual levy as .5172 mills and a maximum number of years as 25 years. The notice of election set forth and as published stated the maximum period during which the bond shall run as 22 years. The ballot submitted to the electors provided for the time the bonds were to run for a maximum period of 25 years.

While it may be true that the voters were not misled by the period of maturity, and while it might be true that it would not be any advantage to the voters to have the maturity 22 years rather than 25, yet we are of the opinion that the statute hereinbefore quoted must be strictly and not liberally construed. That being true, we are of the opinion that the maximum time for these bonds to run cannot be lessened or increased.

We further believe that a substantial compliance with the provisions of the so-called uniform bond act is not sufficient, and we further believe that such discrepancy as exists in the instant case is material and does impair the validity of the proceedings in connection with the bond issue.

It therefore follows that a writ of mandamus requiring the respondent to sign the bonds and affix the corporate seal thereto will be and the same is hereby denied, and the plaintiff's petition is hereby dismissed at plaintiff's costs. Exceptions may be noted.

SHERICK, PJ, and MONTGOMERY, JJ, concur.